**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MICHAEL SHANE CROWDER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 14-CV-0995-LY** |
| | ) | |
| **DIVERSIFIED CONSULTANTS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT, DIVERSIFIED CONSULTANTS, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Diversified Consultants, Inc. (DCI), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Michael Shane Crowder (plaintiff), and states:

## NATURE OF ACTION

1.    DCI admits plaintiff purports to bring this action for alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.*, but denies any violations, liability or wrongdoing under the law.  Except as specifically admitted, DCI denies the allegations in ¶ 1.

2.    DCI admits plaintiff purports to seek damages under the FDCPA and TCPA, but denies any violations, liability or wrongdoing under the law.  Except as specifically admitted, DCI denies the allegations in ¶ 2.

1

## JURISDICTION

3.     DCI admits this Court has jurisdiction.   Except as specifically admitted, DCI denies the allegations in ¶ 3.

## VENUE

4.     Upon information and belief, DCI admits venue is proper.   Except as specifically admitted, DCI denies the allegations in ¶ 4.

5.     Upon information and belief, DCI admits the allegations in ¶ 5.

6.     Upon information and belief, DCI admits venue is proper.   Except as specifically admitted, DCI denies the allegations in ¶ 6.

7.     Upon information and belief, DCI admits the allegations in ¶ 7.

## PARTIES

8.     Upon information and belief, DCI admits the allegations in ¶ 8.

9.     DCI denies the allegations in ¶ 9 as calling for a legal conclusion.

10.    DCI denies the allegations in ¶ 10 as calling for a legal conclusion.

## FACTUAL ALLEGATIONS

11.    DCI denies the allegations in ¶ 11.

12.    DCI denies the allegations in ¶ 12.

13.    DCI denies the allegations in ¶ 13.

14.    DCI denies the allegations in ¶ 14.

15.    DCI denies the allegations in ¶ 15.

16.    DCI denies the allegations in ¶ 16.

17.    DCI denies the allegations in ¶ 17.

18.    DCI denies the allegations in ¶ 18.

19.    DCI denies the allegations in ¶ 19.

20.    DCI denies the allegations in ¶ 20.

21.    DCI denies the allegations in ¶ 21.

22.    DCI denies the allegations in ¶ 22.

23.    DCI denies the allegations in ¶ 23.

24.    DCI denies the allegations in ¶ 24.

25.    DCI denies the allegations in ¶ 25.

26.    DCI denies the allegations in ¶ 26.

27.    DCI denies the allegations in ¶ 27.

28.    DCI denies the allegations in ¶ 28.

29.    DCI denies the allegations in ¶ 29.

30.    DCI denies the allegations in ¶ 30.

31.    DCI denies the allegations in ¶ 31.

32.    DCI denies the allegations in ¶ 32.

33.    DCI denies the allegations in ¶ 33.

34.    DCI denies the allegations in ¶ 34 for lack of knowledge or information sufficient to form a belief therein.

35.    DCI denies the allegations in ¶ 35 as calling for a legal conclusion.

36.    DCI denies the allegations in ¶ 36.

37.    DCI denies the allegations in ¶ 37 as calling for a legal conclusion.

38.    DCI admits the allegations in ¶ 38.

39.     DCI denies the allegations in ¶ 39.

40.     DCI denies the allegations in ¶ 40 for lack of knowledge or information sufficient to form a belief therein.

41.     DCI denies the allegations in ¶ 41.

42.     DCI denies the allegations in ¶ 42.

43.     DCI denies the allegations in ¶ 43.

## COUNT I
## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

44.     DCI denies the allegations in ¶ 44 as calling for a legal conclusion.

45.     DCI denies the allegations in ¶ 45, including subparagraphs a - b.

## COUNT II
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT (TCPA)

46.     DCI denies the allegations in ¶ 46.

47.     DCI denies the allegations in ¶ 47, including subparagraph a.

## DCI'S AFFIRMATIVE DEFENSES

1.     To the extent any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

2.     DCI denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of DCI's purported violations.

3.     One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, wavier and/or unclean hands.

4.     Assuming plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

5.     Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than DCI and were beyond the control or supervision of DCI or for whom DCI was and is not responsible or liable.

6.     Plaintiff has failed to state a claim against DCI upon which relief may be granted.

7.     One or more of the telephone calls made to plaintiff were not made to a wireless, *i.e.*, cellular, telephone.

8.     Plaintiff consented and authorized calls to the phone number in question.

9.     The phone calls made to plaintiff are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. § 227(b)(2)(b) and 47 C.F.R. § 64.1200(a).

10.    The equipment used to make the telephone calls at issue is not covered by or subject to the TCPA.

11.    To the extent the calls at issue were to plaintiff's cellular telephone, as alleged, plaintiff provided consent to receive those calls.

12.    To the extent plaintiff was not the intended recipient of the calls, plaintiff has no standing to assert the claim.

13.    Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint.

WHEREFORE, Defendant, Diversified Consultants, Inc., requests the Court dismiss this action with prejudice and grant it any other relief that the Court deems

appropriate.

Respectfully submitted,

/s/ Whitney L. White
Whitney L. White
State Bar No. 24075269
Sessions, Fishman, Nathan & Israel, L.L.C.
900 Jackson Street, Suite 440
Dallas, TX  75202-4473
Telephone: (214) 741-3017
Facsimile: (214) 741-3055
wwhite@sessions-law.biz

**Attorney for Defendant,**
**Diversified Consultants, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2014, a copy of the foregoing

**Defendant, Diversified Consultants, Inc.'s, Answer and Affirmative Defenses** was

electronically filed with the Clerk of the Court, United States District Court for the

Western District of Texas and served via U.S. Mail and CM/ECF upon the following:

Michael Shane Crowder
161 Sawgrass Circle
Kyle, Texas 78640
Telephone: 208-859-5624


/s/ Whitney L. White
Whitney L. White

7