

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| Michael Shane Crowder<br>　　　Plaintiff, | )<br>)<br>)　Case No.1:14-CV-00995-LY<br>) |
| vs | )<br>) |
| Diversified Consultants, Inc.<br>　　　Defendant, | )<br>)<br>) |

### PLAINTIFF'S ANSWER TO DEFENDANT'S AFFIRMATIVE DEFENSES AND REQUEST FOR DISMISSAL TO PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Michael-Shane; Crowder (hereafter Plaintiff), acting Pro Se and hereby provides this document as PLAINTIFF'S ANSWER TO DEFENDANT'S AFFIRMATIVE DEFENSES AND REQUEST FOR DISMISSAL TO PLAINTIFF'S ORIGINAL COMPLAINT.

### ANSWER TO DEFENDANTS AFFIRMATIVE DEFENSES AND REQUEST FOR DISMISSAL

1. In response to DCI's first affirmative defense listed as paragraph 1, Plaintiff was damaged by Defendant when Defendant violated the Fair Debt Collection Practices Act (hereinafter FDCPA),and the Telephone Consumer Protection

Act (hereinafter TCPA). How can the violations not be intentional due to the fact that someone had to program the Plaintiffs phone number into an automatic telephone dialing system (hereinafter ATDS) capable equipment so that the phone number could be dialed automatically? It is up to the Defendant to make sure they are complying with the federal laws. The Plaintiff provided in the original complaint the laws that were violated, and the dates of those violations.

2. In response to DCI's second affirmative defense listed as paragraph 2, Plaintiff denies the allegations. Plaintiff is entitled to damages under FDCPA 15 U.S.C. § 1692k(a)(2)(A) "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000" and under TCPA 47 U.S.C. § 227(b)(3)(B) "to receive $500 in damages for each such violation". In addition, under 47 U.S.C. § 227(b)(3) "the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (b) of this paragraph.

3. In response to DCI's third affirmative defense listed as paragraph 3, Plaintiff denies the allegations. The statute of limitations is one year for FDCPA, and four years for TCPA, and Plaintiff brought this case well within those timeframes. Since the Plaintiff brought this case well within the federal law timeframes, this claim is not barred by the statute of limitations, laches or estoppel. There is no "waiver" by the Plaintiff since the Plaintiff has not intentionally or voluntarily relinquished any known rights.

   Defendant has provided no facts that Plaintiff has unclean hands.
4. In response to DCI's fourth affirmative defense listed as paragraph 4, Plaintiff denies the allegations. Plaintiff answered two calls within the first six calls, and both times told the Defendant not to call this number.
5. In response to DCI's fifth affirmative defense listed as paragraph 5, the violations are intentional since the Defendant not once or twice, but at least 23 times called the Plaintiff's wireless cellular phone number. It is up to the Defendants to make sure any persons, individuals, corporations, or entities that are representing the Defendant is complying with the laws.
6. In response to DCI's sixth affirmative defense listed as paragraph 6, Plaintiff denies the allegations due to the fact that Plaintiff did state a claim against the Defendant and those claims were listed in Count 1 and Count 2 of the original complaint.
7. In response to DCI's seventh affirmative defense listed as paragraph 7, Plaintiff denies the allegations due to the fact that each call listed in Plaintiff's complaint was made to his wireless cellular phone number.
8. In response to DCI's eighth affirmative defense listed as paragraph 8, Plaintiff denies the allegations due to the fact that Plaintiff never consented or authorized calls to his wireless cellular phone number made by the Defendant.
9. In response to DCI's ninth affirmative defense listed as paragraph 9, Plaintiff denies the allegations. Plaintiff never consented or authorized calls to his wireless

cellular phone number made by the Defendant and thus are not exempt from TCPA liability under TCPA 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(1)(iii).

10. In response to DCI's tenth affirmative defense listed as paragraph 10, Plaintiff denies the allegations. The equipment used to make the calls at issue is covered by or subject to the TCPA as stated in TCPA 47 U.S.C. § 227(a)(1) "The term "automatic telephone dialing system" means equipment which has the capacity-" (A) "to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) "to dial such numbers."

11. In response to DCI's eleventh affirmative defense listed as paragraph 11, Plaintiff denies the allegations. Plaintiff never consented or authorized calls to his wireless cellular phone number made by the Defendant.

12. In response to DCI's twelfth affirmative defense listed as paragraph 12, Plaintiff denies the allegations. It is up to the Defendant to make sure they are complying with the federal laws, and the Defendant called Plaintiff's wireless cellular phone number approximately 22 times in less than 1 month.

13. In response to DCI's thirteenth affirmative defense listed as paragraph 13, Plaintiff denies the allegations. Plaintiff never acquiesced in and/or consented to receive calls to his wireless cellular phone number made by the Defendant.

14. Defendant provided no facts that would be grounds for a dismissal.

15. Plaintiff reserves the right to assert additional damages and violations as discovery might indicate.
16. Plaintiff rebuts all assumptions and presumptions.

## CONCLUSION

Wherefore, for the reasons set forth herein, this Plaintiff respectfully requests the Judge grant the Plaintiff's demand for Defendant's request for Dismissal to be denied.

## DEMAND FOR TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: December 22, 2014

Respectfully submitted,

*[signature]*

Michael Shane Crowder
161 Sawgrass Circle
Kyle, Texas 78640
208-859-5624

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing will be mailed on this 22 day of December, 2014, by U.S. Mail delivery to the Attorney for the Defendant by Certified Mail Receipt #70112000000193309453 :

Whitney L. White
900 Jackson Street, Suite 440
Dallas, Texas 75202-4473

Dated December 22, 2014

_____
Michael Shane Crowder